UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| FRANK WRIGHT, | ) | |
| Plaintiff, | ) | 3:08-CV-00119-LRH-VPC |
| v. | ) | |
| | ) | ORDER |
| INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, and DOES 1 through XX, inclusive, | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff Frank Wright's Motion for Preliminary Injunction (#2[1]). Defendant Incline Village General Improvement District's ("IVGID") has filed an opposition (#34) to which Plaintiff replied (#35).

**I.   Facts and Procedural History**

This is a civil dispute arising out of Plaintiff's attempts to access beaches owned and operated by IVGID in Incline Village, Nevada. As the parties and the court are familiar with the facts of the case, the court will not recount them here.[2]

On February 2, 2009, the court denied IVGID's Motion to Dismiss (#28), concluding

---

[1] Refers to the court's docket number.

[2] For a detailed discussion of the facts, see the court's order (#28) entered February 2, 2009.

1  Plaintiff possessed standing to pursue his claims and Plaintiff's claims were ripe for judicial
2  review.  However, with regard to Plaintiff's claims challenging the 1968 restrictive covenant, the
3  court was unable to determine whether certain property owners were indispensable parties such that
4  their joinder was required.  Accordingly, the court provided the parties an opportunity to submit
5  supplemental briefing on the issue.  Plaintiff has since filed an amended complaint withdrawing his
6  challenge to the 1968 covenant (#33).
7       In the February 2, 2009, order, the court also granted IVGID's Motion to Stay or Extend
8  Briefing Schedule on Plaintiff's Motion for Preliminary Injunction (#13) to await the determination
9  of the 1968 property owners' interest in the dispute.  As the property owners' interest is no longer
10 at issue, on March 13, 2009, the court lifted the stay (#30) and instituted a briefing schedule for the
11 motion for preliminary injunction that is now before the court.
12 **II.   Discussion**
13      Plaintiff alleges Ordinance 7 and Policy 136 violate the First and Fourteenth Amendments
14 to the Constitution of the United States both facially and as applied.  Plaintiff seeks to enjoin
15 IVGID from enforcing Ordinance 7 and Policy 136.
16      A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear
17 showing that the plaintiff is entitled to such relief."  *Winters v. Natural Res. Def. Council*, 129 S.
18 Ct. 365, 376 (2008) (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  To
19 succeed, a plaintiff seeking a preliminary injunction must establish the following:
20 (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury to the plaintiff if
21 injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4)
22 advancement of the public interest.  *Id.* (citations omitted).  In addition, where, as here, a party
23 seeks "mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*,
24 the court should be extremely cautious about issuing a preliminary injunction."  *Stanley v. Univ. of*
25 *S. California*, 13 F.3d 1313, 1219 (9th Cir. 1999).  To the extent necessary, the court will consider
26

each of these factors below.

### A. First Amendment Claim

To demonstrate a likelihood of success on the merits of his First Amendment claim, Plaintiff must show that the restrictions imposed by Ordinance 7 are impermissible under the First Amendment. IVGID does not dispute that Plaintiff's proposed activities constitute speech. Thus, "the extent to which [IVGID] may limit access depends on whether the forum is public or nonpublic." *Preminger v. Principi*, 422 F.3d 815, 823 (9th Cir. 2005) (internal quotation marks omitted).

In a related case, *Kroll v. Incline Village General Improvement's District*, 3:08-CV-166, the Honorable Edward C. Reed. Jr. considered whether to characterize the beaches at issue in this case as public or nonpublic fora. Based on the factors enumerated in *American Civil Liberties Union of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1100-01 (9th Cir. 2003), Judge Reed concluded that the beach properties generally were nonpublic fora. However, Judge Reed also concluded that Policy 136 intentionally opened parts of the previously nonpublic fora to public discourse. Accordingly, any restrictions on speech imposed by Policy 136 in these areas must be analyzed under the standard appropriate for designated public fora.

Judge Reed then concluded the restrictions imposed by Ordinance 7 and Policy 136 withstand constitutional scrutiny. First, with regard to Ordinance 7, the government may restrict access to a nonpublic forum so long as the restrictions are reasonable in light of the purpose served by the forum and are viewpoint neutral. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985); *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 965 (9th Cir. 2002). Here, Judge Reed noted a person seeking entrance to the nonpublic areas of the beach properties must only have a recreation pass granting beach access, and there is no indication of any viewpoint restriction. Moreover, Judge Reed concluded such a restriction on access appears reasonable in light of the purpose of the forum: it reasonably fulfills IVGID's legitimate need to reserve the

recreation areas of the beach properties for their intended use as beach recreation areas, rather than as fora for public discourse. *See Sammartano, 303 F.3d at 966-67* (noting that there must be evidence that the restriction reasonably fulfills a legitimate need, but that the government need not choose the least restrictive alternative when regulating speech in a nonpublic forum). With regard to Policy 136, Judge Reed concluded the policy withstands constitutional scrutiny because the policy appears content-neutral on its face, is narrowly tailored to serve a significant government interest, leaves open ample alternatives for communication, and does not permit unbridled discretion in a licensing official.

The court has reviewed the arguments of the parties, Judge Reed's order, and the relevant law. Based on its review, the court adopts the analysis and conclusions of Judge Reed in *Kroll* and finds that based on the evidence and arguments currently before the court, the beach properties governed by Ordinance 7 appear to be nonpublic fora, and Ordinance 7 appears to impose reasonable, viewpoint neutral restrictions on speech in conformance with the requirements of the First Amendment. Likewise, the court finds that based on the evidence and arguments currently before it, the areas of the beach governed by Policy 136 appear to be public fora, and Policy 136 appears to impose valid time, place, and manner restrictions on speech in conformance with the requirements of the First Amendment. Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits of his First Amendment claim.

### B. Fourteenth Amendment Claims

In his first amended complaint, Plaintiff also alleges a variety of Fourteenth Amendment claims. First, Plaintiff's second and fourth claims for relief allege IVGID's adoption and enforcement of Ordinance 7 and Policy 136 violates Plaintiff's fundamental First Amendment rights to freedom of speech, assembly, and association. The court has concluded above that Plaintiff has failed to demonstrate such a violation of his First Amendment rights. Accordingly, the court likewise finds Plaintiff has failed to demonstrate a likelihood of success on the merits of his

1  second and fourth claims for relief.

2  In Plaintiff's third claim for relief, Plaintiff alleges IVGID's adoption and enforcement of
3  Ordinance 7 and Policy 136 violates Plaintiff's right to equal protection by prohibiting nonresident
4  access to the beaches and treating nonresidents differently than owners of parcels within the
5  confines of the District as constituted in 1968.

6  Plaintiff argues the court should review IVGID's actions in distinguishing between
7  residents and nonresidents under a strict scrutiny analysis.  While the court applies strict scrutiny to
8  government actions that infringe upon fundamental rights or discriminate on the basis of a suspect
9  classification, it is not clear to the court at this time which, if any, fundamental rights have been
10 implicated by IVGID's actions or whether Plaintiff is a member of a suspect class.  To the extent
11 Plaintiff argues IVGID's actions infringe upon fundamental First Amendment rights, the court has
12 rejected this argument above.  To the extent Plaintiff argues IVGID's actions infringe upon his
13 fundamental right to travel, neither the Supreme Court nor the Ninth Circuit has recognized a
14 protected right to *intrastate* travel.  *See Nunez ex. Rel. Nunez v. City of San Diego*, 114 F.3d 935,
15 944 n.7 (9th Cir. 1997).  While this does not foreclose the possibility that the court might recognize
16 such a right in this case, at this time Plaintiff has failed to make arguments in support of such a
17 finding.

18 Because Plaintiff has failed to identify any fundamental right infringed by IVGID's actions
19 or discrimination on the basis of a suspect classification, at this time the court will apply rational
20 basis review to determine whether IVGID's actions withstand constitutional scrutiny.  "[W]here
21 neither a fundamental right nor a suspect classification is implicated, a classification 'must be
22 upheld against an equal protection challenge if there is any reasonably conceivable state of facts
23 that could provide a rational basis' for it."  *Hooks v. Clark County Sch. Dist.*, 228 F.3d 1036, 1042
24 (9th Cir. 2000) (citation omitted).

25 Nevada Revised Statues Sections 318.143(1) and 318.175 provide IVGID with authority to

26

5

acquire and manage property within the district. Pursuant to this authority, in 1968 IVGID acquired the deeds to the beaches at issue in this case. The deeds contain language indicating that only residents of the district as constituted in 1968 can access the beaches for recreational purposes. Plaintiff has failed to present arguments or evidence demonstrating why it is impermissible for an improvement district created under state law to acquire property and comply with a deed restriction that neither implicates fundamental rights nor distinguishes between individuals on the basis of a suspect classification. Accordingly, at this time the court finds Plaintiff has failed to show a likelihood of success on the merits of his third claim for relief.

As Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims, a preliminary injunction is not appropriate. However, the court notes that in no way does its ruling foreclose Plaintiff from continuing to pursue his claims. The court has neither seen all of the evidence nor heard all of the arguments in this case. The court's findings extend only to the preliminary injunction presently before the court.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Preliminary Injunction (#2) is hereby DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE