UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANK WRIGHT,

    Plaintiff,

v.

INCLINE VILLAGE GENERAL IMPROVEMENT DISTRICT, and DOES 1 through XX, inclusive,

    Defendants.

3:08-CV-00119-LRH-VPC

ORDER

In 1968, the Incline Village General Improvement District ("IVGID") acquired two private, beachfront properties on Lake Tahoe in Incline Village, Nevada. In accordance with a restrictive covenant contained in the deed conveying the properties, IVGID has limited beach access to only those individuals who own property that was in the boundaries of IVGID as it was constituted in 1968.[1] IVGID enforces the restrictive covenant through Ordinance 7, a regulation that in relevant part provides, "Parcels annexed to the District after May 30, 1968, are not eligible for District beach access as per deed restrictions listed on the beach property." (First Am. Compl (#33), Ex. 2.)

---

[1] The deed directs IVGID to hold, maintain, and use the IVGID beaches "only for the purposes of recreation by, and for the benefit of, property owners and their tenants (specifically including occupants of motels and hotels) within [IVGID] as now constituted, and, as the Board of Trustees of said District may determine, the guests of such property owners, and for such other purposes as are herein expressly authorized." (First Am. Compl. (#33), Ex. 1.)

In response to questions about the constitutionality of its beach access policy, on April 30, 2008, IVGID adopted Policy and Procedure Number 136 ("Policy 136"). The policy "recognizes that public expression, speech and assembly is a fundamental right." (First Am. Compl (#33), Ex. 3.) The policy also recognizes that IVGID must balance the public's right to First Amendment expression with IVGID's "significant interest[s]," including assuring orderly conduct, protecting the rights of the 1968 property owners, and protecting the properties' "unique environment." (First Am. Compl (#33), Ex. 3.) To balance these interests, the policy designates "public forum areas" on IVGID properties, including the IVGID beaches, where members of the public can exercise their First Amendment rights.

This dispute arises out of Plaintiff Frank Wright's attempts to access the IVGID beaches. Plaintiff is a resident of Crystal Bay, Nevada, and his property lies within the boundaries of IVGID. However, because IVGID annexed his property into the district after 1968, IVGID has prevented Plaintiff from accessing the beaches.

Plaintiff alleges that, through the adoption and enforcement of Ordinance 7 and Policy 136, IVGID has deprived him of his rights under the First and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983. Both IVGID and Plaintiff now seek summary judgment on each of these claims.

In a previous order (#36), the court denied Plaintiff's Motion for a Preliminary Injunction (#2), finding, largely in reliance on the Honorable Edward C. Reed. Jr.'s decision in the related case of *Kroll v. Incline Village General Improvement District*, 598 F. Supp. 2d 118 (D. Nev. 2009), that Plaintiff was unlikely to succeed on the merits of his claims. Although the procedural posture here is different, the court's analysis remains valid, and neither Plaintiff's arguments nor Plaintiff's evidence persuade the court that a different conclusion is warranted.

With regard to Plaintiff's First Amendment claims, the court stands by its previous finding

that the beach properties are generally nonpublic fora.[2]  In conformance with the requirements of the First Amendment, Ordinance 7 imposes reasonable, viewpoint neutral restrictions on speech in these nonpublic areas.

As to Policy 136, the court found that through the policy, IVGID intentionally opened parts of the previously nonpublic fora to public discourse.  The court now confirms for the reasons stated in its previous order that under the standard appropriate for designated public fora, Policy 136 imposes valid time, place, and manner restrictions on speech in conformance with the requirements of the First Amendment.[3]

Likewise, with regard to Plaintiff's equal protection claim, the court endorses its prior analysis.  As the court noted in its previous order, "Plaintiff has failed to present arguments or evidence demonstrating why it is impermissible for an improvement district created under state law to acquire property and comply with a deed restriction that neither implicates fundamental rights nor distinguishes between individuals on the basis of a suspect classification."[4]  (Order (#36) 6.)

---

[2] Plaintiff contends that deposition testimony of several IVGID employees concerning the daily use of the property warrants reversal of the court's earlier conclusion.  However, when these issues were previously before the court, it was apparent that on occasion IVGID had permitted members of the community who were not 1968 property owners to access the beaches.  The fact remains that no individual is permitted to access the beaches without IVGID authorization, and the beaches have never been open to the public. *See Int'l Soc'y for Krishna Consciousness v. Lee*, 505 U.S. 672, 681 (1992) (internal quotation marks and citations omitted) (noting the government does not create a public forum "whenever members of the public are permitted freely to visit a place owned or operated by the Government.  The decision to create a public forum must instead by made by intentionally opening a nontraditional forum for public discourse.")

Plaintiff also notes that, during the non-summer months, anyone can access the IVGID beaches because IVGID does not employ gate hosts to monitor beach access.  That IVGID does not actively enforce its regulations year round with the use of gate hosts, however, does not suggest that IVGID has opened the beaches to full public access. *See id.* ("[T]he government does not create a public forum by inaction.")

[3] To the extent that Plaintiff continues to assert "as applied" challenges to Ordinance 7 and Policy 136, the court finds no evidence in the record suggesting that IVGID applied its regulations in a manner that violated Plaintiff's First Amendment rights.

[4] That IVGID chooses to grant beach access to certain other groups of non-1968 property owners does not change the court's conclusion.  There is no indication in the record that IVGID has permitted others to access the beaches in a discriminatory or arbitrary manner.  Importantly, each of the instances cited by Plaintiff concerning IVGID's granting of beach access to non-1968 property owners is consistent with the recreational

1   IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (#44) is
2 DENIED.
3   IT IS FURTHER ORDERED that IVGID's Motion for Summary Judgment (#45) is
4 GRANTED.
5   The Clerk of the Court shall enter judgment accordingly.
6   IT IS SO ORDERED.
7   DATED this 20th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

26 purpose of the beaches.